IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW R. PATRICK &<br>ANNA T. PATRICK, H/W<br>409 Woodside Ave.,<br>Narberth, PA 19072<br><br>Plaintiffs,<br><br>v.<br><br>VRBO.COM, INC.<br>1011 West Fifth St., Ste. 300<br>Austin, TX 78703<br><br>and<br><br>HOMEAWAY, INC.<br>1011 West Fifth St., Ste. 300<br>Austin, TX 78703<br><br>and<br><br>PARLAY, INC.<br>45 Headley Rd.,<br>Morristown, NJ 07960<br><br>Defendants. | CIVIL ACTION – LAW<br>**JURY TRIAL DEMANDED**<br><br>Case No.: |

## COMPLAINT

AND NOW comes the Plaintiffs, Matthew R. Patrick and Anna T. Patrick, H/W, by and through their counsel, Dave W. Rothenberg, Esquire and Howard Rothenberg & Associates, and hereby complain and aver as follows:

### The Parties

1. The Plaintiffs are Matthew R. Patrick and Anna T. Patrick, husband and wife, who are adult and competent individuals and who currently reside at 409 Woodside Ave., Narberth, Pennsylvania 19072. Plaintiffs are citizens of the Commonwealth of Pennsylvania.

2. The Defendant, VRBO.com, Inc. is believed to be an affiliate corporation with Defendant HomeAway, Inc. conducting business throughout the entire United States, and maintaining a principal address at 1011 West Fifth St., Suite 300, Austin,

  Texas 78703. Defendant VRBO.com, Inc. is in the business of conducting internet advertising for short-term rentals primarily on the World Wide Web. This Defendant is a citizen of the state of Texas.

3. The Defendant, HomeAway, Inc. is believed to be an affiliate corporation with Defendant VRBO.com, Inc. conducting business throughout the entire United States, and maintaining a principal address at 1011 West Fifth St., Suite 300, Austin, Texas 78703. Defendant HomeAway, Inc. is in the business of conducting internet advertising for short-term rentals primarily on the World Wide Web. This Defendant is a citizen of the state of Texas.

4. The Defendant, Parlay, Inc., is believed to be a corporation organized and existing under the corporate laws of the state of New Jersey with a principal place of business at 45 Headley Rd., Morristown, New Jersey 07960. This Defendant is a citizen of the state of New Jersey.

## Jurisdiction and Venue

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists between the Plaintiffs and the Defendants.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial portion of the events giving rise to the Plaintiffs' claims arose in connection with a premises liability incident that is the subject of this litigation and which the premises where the incident occurred is owned and/or operated by the Defendants and is within the confines of the Middle District of Pennsylvania and is located at 45 Dutch Hill Road, Skytop, Pennsylvania 18357 (hereafter referred to as "Skytop Cottage").

## Factual Background

7. At all material times hereto, the Defendants VRBO.com, Inc. (hereinafter referred to as "VRBO") and HomeAway, Inc. (hereinafter referred to as "HomeAway") collectively operated an online realty rental service wherein short-term realty rentals were offered to consumers using VRBO's and HomeAway's websites.

8. At all material times hereto, the Defendant, Parlay, Inc., owned, possessed and/or operated, and was responsible for maintaining a certain property listed for rental under Defendant VRBO's and Defendant HomeAway's services, known as "Skytop Cottage" located at 45 Dutch Hill Road, Skytop, PA 18357.

9. At all material times hereto, the Plaintiffs, Matthew R. Patrick and Anna T. Patrick (hereinafter collectively referred to as "Plaintiffs"), were business invitees on the premises owned, maintained and/or operated by Defendant Parlay, Inc. located at 45 Dutch Hill Road, Skytop, PA 18357.

10. On September 20, 2019, Plaintiffs traveled to Skytop, Pennsylvania for the Plaintiffs' relative wedding weekend and checked into the rental property known as "Skytop Cottage" located at 45 Dutch Hill Road, Skytop, PA 18357.

11. "Skytop Cottage" is a short term rental property listed by Defendant VRBO and Defendant HomeAway and owned by Defendant Parlay, Inc.

12. Plaintiffs were expected to be involved in the aforementioned wedding weekend and furthermore, a part of the wedding party.

13. During the first night of their stay at "Skytop Cottage", on or about September 20, 2019, or in the early morning hours of September 21, 2019, Plaintiffs were caused to suddenly awaken in a state of confusion, dizziness and in attempting to ascertain the problem, were caused to lose their balance and fall several times.

14. Thereafter, emergency response personnel were called to the property known as "Skytop Cottage" located at 45 Dutch Hill Road, Skytop, PA 18357, in order to treat Plaintiffs and determine the cause of Plaintiff's physical sensations and ailments.

15. It was subsequently determined by the emergency response personnel that "Skytop Cottage" contained emitting toxic carbon monoxide within its premises, causing Plaintiffs to awaken in a state of confusion and dizziness and further loss of consciousness, and causing Plaintiff's to sustain severe, disabling and permanent injuries as will be outlined herein.

16. Furthermore, it was subsequently determined by medical personnel via toxicology reports that Plaintiffs were exposed to carbon monoxide on or about September 20, 2019 and/or September 21, 2019 while staying at "Skytop Cottage" and causing the Plaintiffs to sustain the injuries as set forth herein.

17. At all material times hereto, and in particular on or about September 20, 2019 and/or September 21, 2019, the Defendants, either individually and/or jointly, as the owners, and/or operators and/or possessors of said property, were responsible for seeing to it that the property was not dangerous and was free of any defects which could cause injury.

18. The Defendants, either individually and/or jointly, as owners, and/or operators and/or possessors of said property wherein this incident occurred, had a duty, under law, to conduct reasonable inspections of the premises and to either warn persons, such as the Plaintiffs, of any dangers and/or correct any defective conditions which would be dangerous to persons such as the Plaintiffs.

19. The Defendants, either individually and/or jointly, by and through their agents and/or employees, knew, or with the exercise of reasonable inspection, should have known of the dangerous condition prior to the happening of the aforementioned-incident.

## COUNT I – NEGLIGENCE

PLAINTIFF MATTHEW R. PATRICK v. ALL DEFENDANTS

20. The Plaintiffs reaver and reallege ¶ 1 through 19 as though more fully set forth at length herein.

21. The negligence, carelessness and recklessness of the Defendants, either individually and/or jointly, by and through their agents, servants, workmen and/or employees consisted of the following:

    a. In then and there permitting a dangerous condition to exist on their premises where they knew, or with reasonable inspection should have known, that renters, such as the Plaintiffs, would reside;

    b. In then and there failing to make timely inspections of the premises in order to discover this dangerous condition;

    c. In then and there failing to timely and properly take remedial steps in order to correct this dangerous condition after they knew, or should have known, of the existence of same;

    d. In then and there failing to maintain the "Skytop Cottage" in a proper, safe and adequate manner when Defendants knew, or with the exercise of reasonable care should have known, of the dangerous condition existing therein;

    e. In failing to maintain the "Skytop Cottage" in a proper, safe and adequate manner for the safe and proper accommodation of renters, such as the Plaintiffs;

    f. In failing to provide proper and adequate supervisory and maintenance programs, inspection programs, correction programs or other programs or procedures to assure proper, safe and adequate accommodation areas under the care, custody and control of the Defendants;

    g. In failing to provide warning devices or other methods of warning and/or advising renters, such as the Plaintiffs, of the dangerous condition concerning the area in question;

    h. In failing to maintain the "Skytop Cottage" in a reasonably safe condition at or near the site of the accident alleged herein;

    i. In failing to install carbon monoxide monitoring devices or other monitoring devices which would have alerted the Plaintiffs to the dangerous situation present on the premises;

    j. In failing to properly inspect, install and/or maintain carbon monoxide monitoring devices;

      k. In failing to exercise reasonable care under all of the existing conditions;

l. In failing to act reasonably under the circumstances;

m. Such other acts of negligent conduct, careless conduct, and/or reckless conduct as shall be discovered during the course of discovery pursuant to the applicable Rules of Civil Procedure.

22. The negligence, carelessness, and/or recklessness of the Defendants, either individually and/or jointly, by and through their agents, servants and/or employees, as described above, was the proximate cause of the incident and Plaintiffs resultant injuries as will be outlined herein.

23. As a result of the negligence, carelessness, and/or recklessness of the Defendants, either individually and/or jointly, by and through their agents, servants and/or employees, as described herein, the Plaintiff, Matthew R. Patrick, was caused to become violently ill suffering severe, debilitating and permanent injuries which include, but are not limited to, the following: loss of consciousness, extreme dizziness, faintness, carbon monoxide poisoning, extreme disorientation and shock to Plaintiff's nerves and nervous system as well as emotional distress.

24. By reason of the negligence, carelessness, and recklessness of the Defendants, either individually and/or jointly, by and through its agents, servants and/or employees, as described above, the Plaintiff, Matthew R Patrick, has sustained serious and permanent personal injuries by reason of which he has been rendered sick, sore and disabled as a result of which he has suffered, and yet suffers, and shall continue to suffer for an indefinite period of time into the future.

25. Plaintiffs aver that as a result of the negligence, carelessness and/or recklessness of the Defendants, either individually and/or jointly, by and through its agents, servants and/or employees, as described above, Plaintiff Matthew R. Patrick has sustained such injuries as a result of which he has been required to receive and undergo medical attention and care and has incurred medical expenses and may incur additional medical expenses into the future.

26. As a result of the aforesaid injuries sustained by the Plaintiff, Matthew R. Patrick, he has been and yet is and will forever in the future be unable to go about his usual daily occupation and routine.

27. The Plaintiffs have been informed and therefore aver that the injuries sustained in this accident are permanent in nature.

WHEREFORE, the Plaintiff, Matthew R. Patrick, demands Judgment against the Defendants, VRBO.com, Inc., HomeAway, Inc. and Parlay, Inc., individually and/or jointly, in an amount in excess of the Jurisdictional limits of this Honorable Court, together with interest, costs, and attorneys' fees.

**COUNT II – NEGLIGENCE**

PLAINTIFF ANNA T. PATRICK v. ALL DEFENDANTS

28. The Plaintiffs reaver and reallege ¶ 1 through 27 as though more fully set out at length herein.

29. The negligence, carelessness and recklessness of the Defendants, either individually and/or jointly, by and through their agents, servants, workmen and/or employees consisted of the following:

a. In then and there permitting a dangerous condition to exist on their premises where they knew, or with reasonable inspection should have known, that renters, such as the Plaintiffs, would reside;

b. In then and there failing to make timely inspections of the premises in order to discover this dangerous condition;

c. In then and there failing to timely and properly take remedial steps in order to correct this dangerous condition after they knew, or should have known, of the existence of same;

d. In then and there failing to maintain the "Skytop Cottage" in a proper, safe and adequate manner when Defendants knew, or with the exercise of reasonable care should have known, of the dangerous condition existing therein;

e. In failing to maintain the "Skytop Cottage" in a proper, safe and adequate manner for the safe and proper accommodation of renters, such as the Plaintiffs;

f. In failing to provide proper and adequate supervisory and maintenance programs, inspection programs, correction programs or other programs or procedures to assure proper, safe and adequate accommodation areas under the care, custody and control of the Defendants;

g. In failing to provide warning devices or other methods of warning and/or advising renters, such as the Plaintiffs, of the dangerous condition concerning the area in question;

h. In failing to maintain the "Skytop Cottage" in a reasonably safe condition at or near the site of the accident alleged herein;

i. In failing to install carbon monoxide monitoring devices or other monitoring devices which would have alerted the Plaintiffs to the dangerous situation present on the premises;

j. In failing to properly inspect, install and/or maintain carbon monoxide monitoring devices;

  k. In failing to exercise reasonable care under all of the existing conditions;

  l. In failing to act reasonably under the circumstances;

  m. Such other acts of negligent conduct, careless conduct, and/or reckless conduct as shall be discovered during the course of discovery pursuant to the applicable Rules of Civil Procedure.

30. The negligence, carelessness, and/or recklessness of the Defendants, either individually and/or jointly, by and through their agents, servants and/or employees, as described above, was the proximate cause of the incident and Plaintiffs resultant injuries as will be outlined herein.

31. As a result of the negligence, carelessness, and/or recklessness of the Defendants, either individually and/or jointly, by and through their agents, servants and/or employees, as described herein, the Plaintiff, Anna T. Patrick, was caused to become violently ill suffering severe, debilitating and permanent injuries which include, but are not limited to, the following: loss of consciousness, extreme dizziness, faintness, carbon monoxide poisoning, extreme disorientation and shock to Plaintiff's nerves and nervous system as well as emotional distress.

32. By reason of the negligence, carelessness, and recklessness of the Defendants, either individually and/or jointly, by and through its agents, servants and/or employees, as described above, the Plaintiff, Anna T. Patrick, has sustained serious and permanent personal injuries by reason of which she has been rendered sick, sore and disabled as a result of which she has suffered, and yet suffers, and shall continue to suffer for an indefinite period of time into the future.

33. Plaintiffs aver that as a result of the negligence, carelessness and/or recklessness of the Defendants, either individually and/or jointly, by and through its agents, servants and/or employees, as described above, Plaintiff Anna T. Patrick has sustained such injuries as a result of which she has been required to receive and undergo medical attention and care and has incurred medical expenses and may incur additional medical expenses into the future.

34. As a result of the aforesaid injuries sustained by the Plaintiff, Anna T. Patrick, she has been and yet is and will forever in the future be unable to go about her usual daily occupation and routine.

35. The Plaintiffs have been informed and therefore aver that the injuries sustained in this accident are permanent in nature.

WHEREFORE, the Plaintiff, Anna T. Patrick, demands Judgment against the Defendants, VRBO.com, Inc., HomeAway, Inc. and Parlay, Inc., individually and/or jointly, in an amount in excess of the Jurisdictional limits of this Honorable Court, together with interest, costs, and attorneys' fees.

COUNT III – PUNITIVE DAMAGES
PLAINTIFFS MATTHEW R. PATRICK and ANNA T. PATRICK v. ALL DEFENDANTS

36. The Plaintiffs reaver and reallege ¶ 1 through 35 as though more fully set out at length herein.

37. The actions of Defendants, VRBO, HomeAway and Parlay, Inc., either individually and/or jointly, as described herein, were careless and outrageous and were done in blatant disregard to Plaintiffs and Plaintiffs' health and well-being and financial well-being as to shock the conscious of the reasonable and ordinary person and exposes the Defendants to an award of punitive damages.

WHEREFORE, the Plaintiffs, Matthew R. Patrick and Anna T. Patrick, H/W, demand Judgment against the Defendants, VRBO.com, Inc., HomeAway, Inc. and Parlay, Inc., individually and/or jointly, in an amount in excess of the Jurisdictional limits of this Honorable Court, together with interest, costs, and attorneys' fees.

COUNT IV – LOSS OF CONSORTIUM
PLAINTIFF MATTHEW R. PATRICK v. ALL DEFENDANTS

38. The Plaintiff, Matthew R. Patrick, reavers and realleges ¶ 1 through 37 as though more fully set out at length herein.

39. As a further result of the injuries as sustained by his wife, Plaintiff Matthew R. Patrick has lost and is continuing to lose the companionship, society and services of his wife and will continue to lose such for an indefinite period of time into the future.

WHEREFORE, the Plaintiff, Matthew R. Patrick, demands Judgment against the Defendants, VRBO.com, Inc., HomeAway, Inc. and Parlay, Inc., individually and/or jointly, in an amount in excess of the Jurisdictional limits of this Honorable Court, together with interest, costs, and attorneys' fees.

COUNT V – LOSS OF CONSORTIUM
PLAINTIFF ANNA T. PATRICK v. ALL DEFENDANTS

40. The Plaintiff, Anna T. Patrick, reavers and realleges ¶ 1 through 39 as though more fully set out at length herein.

41. As a further result of the injuries as sustained by her husband, Plaintiff Anna T. Patrick has lost and is continuing to lose the companionship, society and services of her husband and will continue to lose such for an indefinite period of time into the future.

WHEREFORE, the Plaintiff, Anna T. Patrick, demands Judgment against the Defendants, VRBO.com, Inc., HomeAway, Inc. and Parlay, Inc., individually and/or jointly, in an amount in excess of the Jurisdictional limits of this Honorable Court, together with interest, costs, and attorneys' fees.

Respectfully Submitted,

HOWARD ROTHENBERG & ASSOCIATES

Dated: 2/14/20

Dave W. Rothenberg, Esq.
I.D. No.: PA 326483
Howard Rothenberg & Associates
Attorneys for the Plaintiffs
345 Wyoming Ave. Ste. 210
Scranton, PA 18503
570.207.2889 (phone)
570.207.3991 (fax)

Dated: 2/14/20

Howard A. Rothenberg, Esq.
I.D. No.: PA 38804
Howard Rothenberg & Associates
Attorneys for the Plaintiffs
345 Wyoming Ave. Ste. 210
Scranton, PA 18503
570.207.2889 (phone)
570.207.3991 (fax)