## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW R. PATRICK & ANNA T. PATRICK, h/w,

               Plaintiffs

     v.

VRBO.COM, INC. et al.

               Defendants

NO.  3:20-CV-00269-MEM

JUDGE MALACHY E. MANNION

ELECTRONICALLY FILED

## BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS EXPEDIA GROUP, INC., VRBO HOLDINGS, INC., AND HOMEAWAY.COM, INC. PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)

**BUCHANAN INGERSOLL & ROONEY PC**

Jayson R. Wolfgang (Pa. I.D. #62076)
409 North Second Street, Suite 500
Harrisburg, PA  17101
Telephone:  (717) 237-4800
Facsimile:   (717) 233-0852
jayson.wolfgang@bipc.com

*Attorneys for Defendants Expedia Group, Inc., Vrbo Holdings, Inc. and HomeAway.com, Inc.*

DATE:  May 15, 2020

# **TABLE OF CONTENTS**

I.   PROCEDURAL HISTORY ..............................................................................1

II.   STATEMENT OF FACTS ............................................................................2

III.   STATEMENT OF QUESTIONS INVOLVED ...............................................3

IV.   ARGUMENT.................................................................................................4

    A.  THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO THE EXPEDIA DEFENDANTS FOR LACK OF PERSONAL JURISDICTION ........................................................................................4

        1.  The Court Lacks General Jurisdiction Over the Expedia Defendants........................................................................................5

        2.  The Court Lacks Specific Jurisdiction Over the Expedia Defendants........................................................................................6

    B.  COUNTS I AND II OF THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO THE EXPEDIA DEFENDANTS PURSUANT TO Fed. R. Civ. P. 12(b)(6) ...........................................................................10

    C.  COUNT III OF THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO Fed. R. Civ. P. 12(b)(6) .......................12

    D.  PLAINTIFFS' DEMAND FOR ATTORNEYS' FEES SHOULD BE DISMISSED PURSUANT TO Fed. R. Civ. P. 12(b)(6) .......................14

    E.  COUNTS IV AND V OF THE AMENDED COMPLAINTSHOULD BE DISMISSED PURSUANT TO Fed. R. Civ. P. 12(b)(6) .......................15

V.   CONCLUSION.............................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)....................................................................................11

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)....................................................................................11

*BNSF Ry. v. Tyrrell,*
  ___ U.S. ___, 137 S. Ct. 1549 (2017)..........................................................5

*Bootay v. KBR, Inc.,*
  437 Fed. Appx. 140 (3d Cir. 2011)...............................................................8

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985)......................................................................................6

*Carpenter v. Exelon Corp.,*
  2007 WL 3071998 (Tex. App. 2007) ............................................................8

*Carrender v. Fitterer,*
  469 A.2d 120 (Pa. 1983)............................................................................11

*Carteret Sav. Bank, FA v. Shushan,*
  954 F.2d 141 (3d Cir. 1992) .........................................................................4

*Chatham Communications, Inc. v. General Press Corp.,*
  334 A.2d 837 (Pa. 1975)............................................................................14

*Clarity Sports Int'l LLC v. Redland Sports,*
  400 F. Supp. 3d 161 (M.D. Pa. 2019)...........................................................4

*Craig v. Franklin Mills Assocs., L.P.,*
  555 F. Supp. 2d 547 (E.D. Pa. 2008)..........................................................15

*Croyle v. Hutchison,*
  2012 U.S. Dist. LEXIS 85328 (W.D. Pa. 2012).............................................9

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014)......................................................................................5

*Eastern Elec. Corp. v. Shoemaker Constr. Co.*,
    657 F. Supp. 2d 545 (E.D. Pa. 2009)....................................................14

*Edmonson v. Bug Stop, Inc.*,
    2001 U.S. Dist. LEXIS 15865 (E.D. Pa. 2001) ....................................13

*Enter. Rent-A-Car Wage & Hour Empl. Practices Litig. v. Enter. Rent-A-Car Co.*,
    735 F. Supp. 2d 277 (W.D. Pa. 2010)...................................................8

*Farber v. Tennant Truck Lines, Inc.*,
    84 F. Supp. 3d 421 (E.D. Pa. 2015).......................................................5

*Feld v. Merriam*,
    485 A.2d 742 (Pa. 1984)......................................................................13

*Felix v. GMS Zallie Holdings, Inc.*,
    827 F. Supp. 2d 430 (E.D. Pa. 2011)....................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)...............................................................................5

*Grand Entertainment Group v. Star Media Sales*,
    988 F.2d 476 (3d Cir. 1993) ..................................................................4

*Hershey Co. v. Pagosa Candy Co.*,
    2008 U.S. Dist. LEXIS 29410 (M.D. Pa. 2008) ....................................9

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010).................................................................................5

*Jefferies v. Ameriquest Mortg. Co.*,
    543 F. Supp. 2d 368 (E.D. Pa. 2008)...................................................12

*Kirkbride v. Lisbon Contractors, Inc.*,
    555 A.2d 800 (Pa. 1989)......................................................................12

*Kline v. Zimmer Holdings, Inc.*
    662 Fed. Appx. 121 (3d Cir. 2016).......................................................10

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007) ..................................................................6

*Mellon Bank PSFS, Nat'l Ass'n v. Farino*,
  960 F.2d 1217 (3d Cir. 1992) ...................................................................4

*Mölnlycke Health Care AB v. Dumex Surgical Products, Ltd.*,
  64 F. Supp. 2d 448 (E.D. Pa. 1999) ......................................................5

*Phillips v. Cricket Lighters*,
  841 A.2d 1000 (Pa. 2003) ....................................................................10

*Pinson v. United States*,
  2019 U.S. Dist. LEXIS 147186 (M.D. Pa. 2019) ...............................12

*Planet Goalie, Inc. v. Monkeysports, Inc.*,
  2011 U.S. Dist. LEXIS 98578 (M.D. Pa. 2011) ...................................9

*Takes v. Metropolitan Edison, Co.*,
  655 A.2d 138 (Pa. Super. 1995) ...........................................................13

*Toys "R" Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3d Cir. 2003) ...................................................................7

*Waltman v. Fahnestock & Co., Inc.*,
  792 F. Supp. 31 (E.D. Pa. 1992) ..........................................................12

*Zippo Mfg. v. Zippo Dot Com, Inc.*,
  952 F. Supp. 1119 (W.D. Pa. 1997).........................................6, 7, 8, 9

**Statutes**

42 Pa. C.S. § 5322(b) ................................................................................4

**Other Authorities**

Constitution of the United States Fourteenth Amendment Due Process
  Clause......................................................................................................4

Fed. R. Civ. P. 12(b)(2) and 12(b)(6) ............................................*passim*

LOCAL RULE 7.8 ...................................................................................17

Defendants Expedia Group, Inc. ("Expedia Group"), Vrbo Holdings, Inc. ("Vrbo"), and HomeAway.com, Inc. ("HomeAway") (collectively, the "Expedia Defendants[1]"), by and through their attorneys, Buchanan Ingersoll & Rooney PC, submit this Brief in Support of their Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rules 12(b)(2) and/or 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 19) ("Rule 12 Motion").

## I.      <u>PROCEDURAL HISTORY</u>

Plaintiffs commenced this action by filing a Complaint (Doc. 1) on February 14, 2020, naming as Defendants Vrbo, HomeAway, and Parlay, Inc. ("Parlay").  Plaintiffs filed an Amended Complaint (Doc. 5) on March 13, 2020 adding Defendants Expedia Group and Igor Mrotcheck ("Mrotcheck").   The Amended Complaint contains five causes of action against all Defendants: (i) negligence as to Plaintiff Matthew R. Patrick; (ii) negligence as to Plaintiff Anna T. Patrick; (iii) punitive damages; (iv) loss of consortium by Plaintiff Matthew R. Patrick; and (v) loss of consortium by Plaintiff Anna T. Patrick.  On May 15, 2020, the Expedia Defendants timely filed their Rule 12 Motion presently before the Court.

---

[1] As reflected in their corporate disclosures filed in this matter (Docs. 17 and 18), the Amended Complaint and caption incorrectly identify Vrbo Holdings, Inc. as "VRBO.COM, Inc." and incorrectly identify HomeAway.com, Inc. as "HomeAway, Inc." These entities are referred to herein by their proper corporate names.

## II.   **STATEMENT OF FACTS**

Plaintiffs allegedly rented a home located at 45 Dutch Hill Road, Skytop, Pennsylvania (the "Premises"), which is owned by Defendant Mrotchek.  (Am. Compl. at ¶¶12, 14.)  Plaintiffs claim they were exposed to carbon monoxide on the Premises on or about September 21, 2019 and now seek to hold all Defendants liable for conditions on the property.  (*See* Am. Compl.)  The gravamen of the Amended Complaint is that all Defendants are liable for Plaintiffs' injuries under a theory of premises liability sounding in negligence.  (Am. Compl. ¶¶21-23.)

Plaintiffs allege that HomeAway and Vrbo operated online realty rental services wherein short-term realty rentals were offered.   (Am. Compl. at ¶9.) Plaintiffs allege that Expedia Group was the owner and/or operator of HomeAway and Vrbo. (Am. Compl. at ¶10.)  Notably, Plaintiffs do not allege that the Expedia Defendants or any of their agents ever owned, operated, and/or possessed the Premises.  (*See* Am. Compl.)   The only connection alleged in the Amended Complaint linking Expedia Defendants to Plaintiffs is that the Premises was listed for rent on HomeAway's and/or Vrbo's website.  (*See* Am. Compl. ¶11.)

### III.   STATEMENT OF QUESTIONS INVOLVED

**A.**   **Whether Plaintiffs' Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because Plaintiffs cannot establish the Court's personal jurisdiction over the Expedia Defendants?**

*Suggested Answer:  Yes*

**B.**   **Whether Plaintiffs' negligence claims in Counts I and II of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to establish the necessary elements of negligence as to the Expedia Defendants?**

*Suggested Answer:  Yes*

**C.**   **Whether Plaintiffs' punitive damages claim in Count III of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)?**

*Suggest Answer:  Yes*

**D.**   **Whether Plaintiffs' claims for attorneys' fees in Counts I through V of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)?**

*Suggested Answer:  Yes*

**E.**   **Whether Plaintiffs' loss of consortium claims in Counts IV and V of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as these damages are derivative of dismissed Counts I and II?**

*Suggested Answer:  Yes*

## IV.   ARGUMENT

### A.   THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO THE EXPEDIA DEFENDANTS FOR LACK OF PERSONAL JURISDICTION

Plaintiffs bear the burden of demonstrating the existence of personal jurisdiction. *See Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 169 (M.D. Pa. 2019) ("Once 'the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction.'") (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).  Here, Plaintiffs have not met, and cannot meet, their burden.

A federal court sitting in diversity exercises personal jurisdiction over a non-resident defendant to the extent permissible under the laws of the state in which the court sits. *See Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476 (3d Cir. 1993).  In Pennsylvania, personal jurisdiction exists only to the extent permitted by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. *See* 42 Pa. C.S. § 5322(b).  Under the Due Process Clause, personal jurisdiction can be established through either general or specific jurisdiction. *See Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217 (3d Cir. 1992).  This Court should dismiss Plaintiffs' Amended Complaint as it possesses neither general nor specific jurisdiction over the Expedia Defendants.

4

### 1.   The Court Lacks General Jurisdiction Over the Expedia Defendants.

General jurisdiction exists where the defendant may be found "at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).   The Supreme Court has held that "[t]he 'paradigm' forums in which a corporate defendant is 'at home'…are the corporation's place of incorporation and its principal place of business." *BNSF Ry. v. Tyrrell*, ___ U.S. ___, 137 S. Ct. 1549, 1558 (2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).[2]

Plaintiffs do not and cannot allege facts to support general jurisdiction over the Expedia Defendants.   Indeed, Plaintiffs admit that none of the Expedia Defendants is incorporated or has its principal place of business in Pennsylvania. (Am. Compl. ¶¶2-4.)   Additionally, Plaintiffs' allegations that the Expedia Defendants conduct business "throughout the entire United States" are insufficient to establish that the Expedia Defendants are subject to general personal jurisdiction in Pennsylvania.  *See Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 432 (E.D. Pa. 2015) (holding that the exercise of general jurisdiction over defendants who conduct business across the entire United States would mean "the same global reach would presumably be available in every other State.") (citing *Daimler*, 571

---

[2] A corporation's principal place of business is its "nerve center", which has been defined by the Supreme Court as the place where its officers "direct, control, and coordinate" the activities of the corporation. *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

U.S. at 155); *See also Mölnlycke Health Care AB v. Dumex Surgical Products, Ltd.*, 64 F. Supp. 2d 448, 452 (E.D. Pa. 1999) ("[T]he establishment of a website through which customers can order products does not, on its own, suffice to establish general jurisdiction.").

For the reasons set forth above, Plaintiffs have failed to establish that this Court has general jurisdiction over the Expedia Defendants.

### 2.   The Court Lacks Specific Jurisdiction Over the Expedia Defendants.

In the absence of general jurisdiction, Plaintiffs must establish that the Court has specific jurisdiction over the Expedia Defendants.  Determining whether specific jurisdiction exists involves a three-part inquiry as to "minimum contacts":  (1) the defendant must have "purposefully directed" its activities at the forum; (2) the plaintiff's claim must "arise out of or relate to" at least one of those specific activities; and (3) the Court must ensure the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal citations omitted).  The "Constitutional touchstone" of the minimum contacts analysis is embodied in the first prong of the specific jurisdiction test – *i.e.*, "'whether the defendant purposefully established' contacts with the forum."  *Zippo Mfg. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123 (W.D. Pa. 1997) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

### a. The Expedia Defendants did not "purposefully avail" themselves of Pennsylvania.

*Zippo Mfg.* is the seminal case in determining whether the owner of a website has purposefully availed itself of the benefits and protections of the forum jurisdiction. *See Zippo Mfg.* 952 F. Supp. 1119; *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003) (identifying *Zippo Mfg.* as the "seminal authority regarding personal jurisdiction based upon the operation of an Internet web site."). The *Zippo Mfg.* Court held that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg.*, 952 F. Supp. at 1124. In establishing this "sliding scale" of personal jurisdiction in Pennsylvania, the court held:

> At one end of the spectrum are situations where…defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the internet…At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

7

*Id.* (internal citations omitted).  Under the *Zippo Mfg.* analysis, the websites of Vrbo and HomeAway are passive websites, or alternatively limited interactive websites. In either case, this Court does not have personal jurisdiction over any of the Expedia Defendants.[3]

> **b.** **Vrbo's and HomeAway's websites are passive and, as such, the Court does not have personal jurisdiction.**

As discussed above, a "passive" website for purposes of jurisdictional analysis is a website that "does little more than make information available to those who are interested…" *Id.*  Operation of a passive website "is not grounds for the exercise [of] personal jurisdiction."  *Id.* (citing *Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996)).

As stated in the Amended Complaint, the websites of Vrbo and HomeAway simply offer a platform which allows property owners to list their properties for rent

---

[3] Plaintiffs' Amended Complaint does not aver or establish that Expedia Group, Inc. had any contact with Pennsylvania except through its subsidiaries' websites. The contacts of a subsidiary's website, however, are generally not imputed to the parent corporations.  *See Enter. Rent-A-Car Wage & Hour Empl. Practices Litig. v. Enter. Rent-A-Car Co.*, 735 F. Supp. 2d 277 (W.D. Pa. 2010) (holding that the interactive features of a subsidiary website could not be imputed to the defendant's parent) (citing *Carpenter v. Exelon Corp.*, 2007 WL 3071998, at *3 n.11 (Tex. App. 2007) ("[T]he use of the website by [the parent]'s subsidiaries generally cannot be imputed to [the parent] to establish personal jurisdiction over [the parent].")); *see also Bootay v. KBR, Inc.*, 437 Fed. Appx. 140 (3d Cir. 2011) (holding that the contacts by a subsidiary could not be imputed to the parent corporation where plaintiffs failed to establish the elements for piercing the corporate veil).  Accordingly, there is no basis whatsoever for personal jurisdiction over Expedia Group, Inc. and this specific personal jurisdiction analysis focuses on Vrbo and HomeAway.

and connect with individuals who are seeking to rent a house or apartment.  (Am. Compl. ¶9.)  Plaintiffs have not asserted any facts that could support a finding that the websites of Vrbo and/or HomeAway are anything but passive. Because the Vrbo and HomeAway websites are "passive," the Court lacks personal jurisdiction over any of the Expedia Defendants.

> c.   **Alternatively, Vrbo and HomeAway operate limited interactive websites and, as such, this Court still does not have personal jurisdiction.**

Even if this Court determines that the Vrbo and HomeAway websites are interactive under *Zippo Mfg.*, the exercise of personal jurisdiction is still inappropriate given the limited level of interactivity and commercial nature of the information exchanged on the sites.  In order to establish that an interactive website purposefully availed itself of the forum state, "[i]t must be shown that [the] 'web site targets a particular remote jurisdiction…'"  *See Croyle v. Hutchison*, 2012 U.S. Dist. LEXIS 85328 at *7 (W.D. Pa. 2012) (quoting *Hershey Co. v. Pagosa Candy Co.*, 2008 U.S. Dist. LEXIS 29410 at *13 (M.D. Pa. 2008)); *see also Planet Goalie, Inc. v. Monkeysports, Inc.*, 2011 U.S. Dist. LEXIS 98578 (M.D. Pa. 2011).  In *Croyle*, plaintiffs alleged that defendants operated a website which was interactive in a number of ways including "posting information…inviting email questions and responses…[and] making the actual purchase of vacation rentals..."  *Id.* at *7-8. Despite this interactivity, the *Croyle* Court held that there was insufficient evidence

to establish that defendant "purposefully directed its activities at Pennsylvania." *Id.* at \*8 (citing *Planet Goalie*, 2011 U.S. Dist. LEXIS 98578 (declining to exercise specific jurisdiction even though nine percent of defendant's sales occurred in Pennsylvania where plaintiff failed to show defendant's website specifically targeted Pennsylvania residents)).

Here, Plaintiffs have only alleged that the websites of Vrbo and HomeAway offer "short-term realty rentals" and "internet advertising". (Am. Compl. ¶¶ 2, 3, 9.) There are no allegations that Vrbo and/or HomeAway targeted Plaintiffs, or Pennsylvania consumers generally, in any way.

For the reasons set forth above, the websites of Vrbo and HomeAway, if not passive, have only limited interactivity and, as such, Plaintiffs have failed to establish this Court's specific personal jurisdiction over the Expedia Defendants.

### B.   COUNTS I AND II OF THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TO THE EXPEDIA DEFENDANTS PURSUANT TO Fed. R. Civ. P. 12(b)(6)

As a separate and independent basis for dismissal of Counts I and II of the Amended Complaint, Plaintiffs have also failed to plead sufficient facts to establish all of the elements of a common law claim for negligence. Under Pennsylvania law "a plaintiff must show four elements to establish a negligence claim: duty, breach, causation, and damages." *Kline v. Zimmer Holdings, Inc.* 662 Fed. Appx. 121, 123 (3d Cir. 2016) (citing *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003)).

In Pennsylvania, where claims are brought under a premises liability theory of negligence "[t]he standard of care *a possessor of land* owes to one who enters upon the land depends upon whether the person entering is a trespasser [sic], licensee, or invitee." *Felix v. GMS Zallie Holdings, Inc.*, 827 F. Supp. 2d 430, 435 (E.D. Pa. 2011) (emphasis added) (citing *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983)). Plaintiffs allege, in a conclusory manner, that "Defendants, either individually and/or jointly, as the owners, and/or operators and/or possessors of [the Premises], were responsible…" (Am Compl. ¶¶21-22.) However, Plaintiffs admit that Defendant Parlay "was the owner, possessor and/or operator" of the Premises at all materials times and that Plaintiffs were "business invitees" of Parlay. (Am. Compl. ¶¶11-13.) Plaintiffs do not and cannot assert facts sufficient to show that the Expedia Defendants were the possessor(s), owner(s), or operator(s) of the Premises.

Legal conclusions that merely track the elements of a cause of action without any supporting factual allegations are insufficient as a matter of law to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint [when considering a motion to dismiss] is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, Plaintiffs simply parrot the elements of a premises liability claim based on negligence without any

factual support for the conclusion that the Expedia Defendants owned, operated, or possessed the Premises.  Plaintiffs have thus failed, as a matter of law, to establish that the Expedia Defendants owed any duty whatsoever to Plaintiffs.

Plaintiffs have likewise failed to allege any facts upon which it could be concluded that any acts or omissions of the Expedia Defendants were a substantial factor in Plaintiffs' alleged exposure to carbon monoxide on the Premises.  *See Pinson v. United States*, 2019 U.S. Dist. LEXIS 147186 (M.D. Pa. 2019) (holding that causation requires defendant's acts/omissions to be a substantial factor in bringing about plaintiff's harm).  Plaintiffs have failed to satisfy the requirements of pleading causation as to the Expedia Defendants.

Accordingly, Expedia Defendants respectfully request in the alternative that this Court dismiss Counts I and II of the Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## C.   COUNT III OF THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO Fed. R. Civ. P. 12(b)(6)

It is well-settled law in Pennsylvania that "punitive damages are a remedy, ***not a cause of action***."  *Jefferies v. Ameriquest Mortg. Co.*, 543 F. Supp. 2d 368, 390 (E.D. Pa. 2008) (emphasis added) (citing *Waltman v. Fahnestock & Co., Inc.*, 792 F. Supp. 31, 33 (E.D. Pa. 1992)).  The award of punitive damages initially requires that the Plaintiff be successful on some underlying claim.  *See Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("If no cause of action exists,

then no independent action exists for a claim of punitive damage since punitive damages is only an ***element*** of damages.") (emphasis in original).  As Plaintiffs have failed, as discussed above, to establish the elements necessary for their underlying premises liability claim against the Expedia Defendants, Count III of the Amended Complaint for punitive damages must be dismissed.[4]  Even if Plaintiffs were able to pursue a premises liability claim against the Expedia Defendants – which they cannot – this is not a case in which punitive damages would be appropriate.

In Pennsylvania, punitive damages are only appropriate "for conduct that is outrageous, because of Defendant's evil motive or his reckless indifference to the rights of others." *Edmonson v. Bug Stop, Inc.*, 2001 U.S. Dist. LEXIS 15865 at *11 (E.D. Pa. 2001) (citing *Feld v. Merriam*, 485 A.2d 742, 747-48 (Pa. 1984)).  "Neither mere negligence, nor even gross negligence, shows sufficient culpability to justify a punitive damages award."  *Id.* (citing *Takes v. Metropolitan Edison, Co.*, 655 A.2d 138, 146 (Pa. Super. 1995)).

Plaintiffs have not alleged any facts to support its contention that the Expedia Defendants' actions were in any way "outrageous" or that they possessed an "evil motive" towards Plaintiffs.  Even giving Plaintiffs the benefit of all doubts, the Expedia Defendants' only connection to the matter was that HomeAway and/or

---

[4] Plaintiffs have already agreed voluntarily to dismiss their claims for punitive damages against Defendants Parlay and Mrotchek. (*See* Stipulation to Amend Complaint filed April 28, 2020 (Doc. 13).)

Vrbo operated websites where short-term realty rentals were offered to consumers. (Am. Compl. ¶9.)

Accordingly, Expedia Defendants respectfully request that this Court dismiss Count III of the Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### D. PLAINTIFFS' DEMAND FOR ATTORNEYS' FEES SHOULD BE DISMISSED PURSUANT TO Fed. R. Civ. P. 12(b)(6)

In Pennsylvania, a party can generally only recover attorneys' fees where there is express statutory authority or a clear agreement between the parties. *See Eastern Elec. Corp. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545 (E.D. Pa. 2009) (citing *Chatham Communications, Inc. v. General Press Corp.*, 334 A.2d 837, 842 (Pa. 1975) ("Over and over again we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same, or clear agreement by the parties, or some other established exception.") (internal citations omitted)).

Here, Plaintiffs have failed to plead any facts to establish that a contract existed between any of the Expedia Defendants and Plaintiffs which would allow for the recovery of attorney's fees or that a statutory provision exists which would allow for the same. Instead, Plaintiffs simply demand attorneys' fees in the *ad damnum* clause of each count in the Amended Complaint. Such a demand for attorney's fees is insufficient as a matter of law.

14

Accordingly, Expedia Defendants respectfully request that this Court dismiss Plaintiffs' demand for attorney's fees in Counts I through V of the Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### E. COUNTS IV AND V OF THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO Fed. R. Civ. P. 12(b)(6)

Under Pennsylvania law, "[i]f the underlying negligence claim brought by the claimant's spouse is dismissed…the loss of consortium claim must also be dismissed." *Craig v. Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 555 (E.D. Pa. 2008). As Plaintiffs have failed to assert facts sufficient to sustain a claim against the Expedia Defendants for negligence in Counts I and/or II, the derivative claims in Counts IV and V of the Amended Complaint for loss of consortium must be dismissed as well.

### V. CONCLUSION

Accordingly, Expedia Defendants respectfully request that this Court grant its Motion to Dismiss and enter an Order dismissing Counts IV and V of the Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: _/s/ Jayson R. Wolfgang_____
     Jayson R. Wolfgang (Pa. I.D. #62076)
     409 North Second Street, Suite 500
     Harrisburg, PA  17101
     Telephone:  (717) 237-4800
     Facsimile:  (717) 233-0852

     *Attorneys for Defendants Expedia Group, Inc., Vrbo Holdings, Inc. and HomeAway.com, Inc.*

DATE:  May 15, 2020

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.8</u>

It is hereby certified that the foregoing Brief in Support of Motion to Dismiss of Defendants Expedia Group, Inc., VRBO Holdings, Inc., and HomeAway.com, Inc. Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) contains 3,455 words (exclusive of the caption, title, signature block and what follows) according to Microsoft® Word, the word processing software used to prepare it, and therefore it does not exceed the page/word limitations of Local Rule 7.8.


*/s/ Jayson R. Wolfgang*
Jayson R. Wolfgang, Esquire

## **CERTIFICATE OF SERVICE**

I, Jayson R. Wolfgang, hereby certify that a true and correct copy of the foregoing document was served via the Court's CM/ECF system to the following:

Dave W. Rothenberg, Esquire
Howard A. Rothenberg, Esquire
Howard Rothenberg & Associates
345 Wyoming Avenue, Suite 210
Scranton, PA 18503
*Attorneys for Plaintiffs*

John Reed Evans, Esquire
Donnelly & Associates, P.C.
1787 Sentry Parkway West
Veva 16, Suite 210
Blue Bell, PA 19422
*Attorney for Defendants Parlay, Inc. and Igor Mrotcheck*

By:  */s/ Jayson R. Wolfgang*
Jayson R. Wolfgang

DATE:  May 15, 2020